# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Case No. 19-cv-00358-RBJ
Criminal Case No. 17-cr-00135-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TERRY DUNLAP,

    Defendant,

## ORDER DENYING MOTION TO VACATE

Terry Dunlap, representing himself pro se, moves to vacate his sentence pursuant to 28 U.S.C. § 2255, asserting ineffective assistance of counsel. ECF No. 737.[1] Pursuant to this Court's order, the government responded. ECF No. 756. Mr. Dunlap filed a Traverse in reply to the government's response. ECF No. 782. The Court now finds that the files and records of the case conclusively show that Mr. Dunlap is entitled to no relief and therefore denies the motion without a hearing. *See* 28 U.S.C. § 2255(b).

## BACKGROUND FACTS AND CASE HISTORY

On April 23, 2018 Mr. Dunlap pled guilty to Count Two of the Indictment, Distribution and Possession with the Intent to Distribute a Quantity of a Mixture and Substance Containing Cocaine Base, a Schedule II Controlled Substance. ECF No. 498.[2] He was represented by an experienced criminal defense lawyer, Mark C. Johnson, who had been appointed from the CJA

---

[1] Although the case has both civil and criminal case numbers, the citations in this order are to the criminal case.

[2] He was one of 14 defendants charged in a conspiracy to distribute crack cocaine.

panel.  Before his change of plea hearing, Mr. Dunlap presented a Plea Agreement and a Statement by Defendant in Advance of Plea of Guilty.  ECF Nos. 501 and 502.  Those documents were marked Court Exhibits 1 and 2 for the Change of Plea Hearing.  During the hearing Mr. Dunlap confirmed under oath that he had read both documents; that he had discussed them with counsel; that he had had as much time as he felt he needed to get his lawyer's advice about the matters contained in the documents and about the case generally; and that he understood the contents of those documents.  ECF No. 745 at 3-4 (transcript).  In his Statement by Defendant in Advance of Plea of Guilty Mr. Dunlap represented, "I am satisfied with my attorney.  I believe that I have been represented effectively and competently in this case."  ECF No. 502 at 8, ¶24.  During the Change of Plea Hearing Mr. Dunlap confirmed that he was satisfied with counsel.  ECF No. 745 at 3.

Mr. Dunlap also specifically advised the Court during that hearing that he was guilty of the crime charged, and that the stipulation of a factual basis as set forth in the Plea Agreement was accurate.  *Id.* at 3-7.  Included in the stipulation was the parties' agreement that Mr. Dunlap's relevant conduct was approximately 84 grams of cocaine base.  ECF No. 501 at 8.  He confirmed during the Change of Plea Hearing that his relevant conduct was approximately 84 grams of crack cocaine.  ECF No. 745 at 7.  Based on that stipulated amount, the parties agreed that the base offense level for purposes of the Federal Sentencing Guidelines was 24.  After subtracting three levels for his acceptance of responsibility the parties agreed that the offense level was 21.  They also agreed that Mr. Dunlap's criminal history category was VI.  ECF No. 501 at 9.

As part of his plea bargain Mr. Dunlap agreed to waive his right to appeal with certain specific exceptions.  *Id.* at 3.  The Court discussed this partial appellate waiver with Mr. Dunlap

2

during the Change of Plea Hearing. He stated that he understood the waiver and understood that unless one of the listed exceptions applied, he could not successfully appeal the Court's sentence. ECF No. 745 at 11. He added that he had no questions about the appellate waiver. *Id.*

Mr. Dunlap was again represented by Mr. Johnson at his Sentencing Hearing. The recommended sentencing range under the Federal Sentencing Guidelines for an offense level of 21 and a criminal history category of VI would ordinarily be 77-96 months' imprisonment. ECF No. 749 at 25 (transcript). However, the maximum sentence for the crime to which Mr. Dunlap pled was 48 months, and therefore, the Guideline "range" was 48 months. *See* ECF No. 589 (Presentence Investigation Report) at 32, ¶126. Mr. Johnson on behalf of Mr. Dunlap filed a motion seeking a downward variance to 36 months. ECF No. 583. He reiterated his request for a variance on behalf of Mr. Dunlap at the sentencing hearing. ECF No. 746 at 2-9. The Probation Office and the government both recommended 48 months.

Ultimately the Court agreed with the recommendations for a Guideline sentence and sentenced Mr. Dunlap to 48 months plus one year of supervised release. ECF No. 746 at 21-26. Among the factors cited by the Court, in addition to the Guidelines, were the facts that Mr. Dunlap had 17 prior felony convictions; that he also had 12 convictions for other crimes, including thefts, DUI's and a battery; that he was on supervision when he committed the present crime; that the factual basis included that he was a participant in the drug distribution conspiracy with the 13 other defendants and stipulated to relevant conduct of approximately 84 grams of crack cocaine; and that this sentence would not create an unwarranted disparity with the sentences imposed on other defendants in this case. The Court also sentenced Mr. Dunlap to six consecutive months on a second case that was before the Court, No. 12-cr-449. *Id.* at 26-27.

Mr. Dunlap's motion to vacate his sentence asserts ineffectiveness of his lawyer, Mr.

3

Johnson. Ineffective assistance of counsel was an exception to his appellate waiver, and although Mr. Dunlap did not pursue a direct appeal, he raises the issue now in a timely § 2255 motion. Mr. Dunlap asserts the following:

1. Counsel failed to inform him of the consequences of his plea, specifically, the advantages and disadvantages of pleading guilty, including the application of the Guidelines to his offense. ECF No. 737 at 4-5.
2. Counsel's failure to advise him on the application of the Guidelines to his offense left him unable to assist counsel in arguing for the correct calculation of the Guidelines. *Id.* at 6.
3. Due to counsel's deficient performance, the Guidelines were not correctly calculated. The base offense level should have been based on 3.5 grams, which was the amount allegedly discussed on the phone. *Id.* at 8.
4. Counsel failed to explain the relevant conduct. The figure 84 grams is "a mere figment of an imagination," was not supported by a preponderance of the evidence, and resulted in the imposition of arbitrary and capricious punishment. Counsel's performance during the "critical plea negotiation stage" was deficient. *Id.* at 9-10.

## ANALYSIS AND CONCLUSIONS

"To prevail on a claim that trial counsel was ineffective, a defendant must establish (1) that 'counsel's representation fell below an objective standard of reasonableness," and (2) that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Fairchild v. Trammell,* 784 F.3d 702, 715 (10th Cir. 2015 (quoting *Strickland v. Washington,* 466 U.S. 668, 688 (1984)).

As indicated above, Mr. Dunlap informed the Court before it accepted his guilty plea that

he was satisfied with counsel. These representations to the Court, both in writing and in response to questions from the Court, are significant. *See Romero v. Tansy,* 46 F.3d 1024, 1033 (10th Cir. 1995) ("It is well-established that a defendant's statements on the record, 'as well as any findings made by the judge accepting the plea constitute a formidable barrier in any subsequent collateral proceedings.'") (quoting *Blackledge v. Allison,* 431 U.S. 63, 74 (1977)). *See also United States v. Weeks,* 653 F.3d 1188, 1205 (10th Cir. 2011) ("[T]he 'truth and accuracy' of a defendant's statements during the Rule 11 proceeding 'should be regarded as conclusive in the absence of a believable, valid reason justifying a departure from the apparent truth of his Rule 11 statements.'" (quoting *Hedman v. United States,* 527 F.2d 20, 22 (10th Cir. 1975) (per curiam)).

Concerning his present allegations of ineffectiveness, the Court finds that the asserted facts on which Mr. Dunlap attempts to show that his counsel was ineffective (despite his representation to this Court to the contrary) are wrong:

1. Mr. Dunlap's assertion that Mr. Johnson did not consult with him about the advantages and disadvantages of pleading guilty is demonstrably false. In addition to the written and oral representations he made to the Court as discussed above, I note that in his Statement by Defendant in Advance of Plea of Guilty, Mr. Dunlap also represented,

> 24. I have had sufficient opportunity to discuss this case and my intended plea of guilty with my attorney. I do not wish to consult with my attorney any further before I enter my plea of guilty.
>
> 26. My decision to enter the plea of guilty is made after full and careful thought, with the advice of my attorney, and with full understanding of my rights, the facts and circumstances of the case, and the potential consequences of my plea of guilty.
>
> 27. I want to plead guilty and have no mental reservations about my decision.

ECF No. 463 at 7-8, ¶¶24-27.

The whole point of the Change of Plea Hearing was to go over once again his rights, options, and the potential consequences of a guilty plea. Mr. Dunlap confirmed that he had obtained his lawyer's advice on the matters contained in the Plea Agreement and Statement by Defendant, and that he understood both his rights and the potential consequences of a plea.

2. The notion that counsel did not advise him on the application of the Guidelines is belied by his own statement to the Court during the Change of Plea Hearing that he had discussed the Guidelines and how they work with his lawyer. ECF No. 745 at 7-8. He informed the Court that he understood the role of the offense level, the criminal history category, and the recommended range that results from those numbers. *Id.* at 8. He further indicated that he understood that the preliminary estimate of the parties was an offense level of 21, a criminal history category of VI, and that although those number would generate a recommended range of 77-96 months were it not for the statutory maximum, the Guideline recommendation in this case would be 48 months. *Id.* at 8-9. When the Court asked whether he had any questions about the Guidelines, he asked whether the maximum sentence the Court could impose was 48 months, but the Court could give him less. The Court confirmed that and listed other factors that it would consider in sentencing. *Id.* at 8-10. Mr. Dunlap confirmed that he understood and that he had no questions. *Id.* at 10-11.

I also note that the application of the Guidelines was explained to Mr. Dunlap in his Plea Agreement. ECF No. 501 at 8-10. Finally, I note that the Guideline numbers were correctly determined by the Court and were the same numbers that were listed by the parties in the Plea Agreement. In short, the record conclusively contradicts the assertions that counsel did not discuss the Guidelines with Mr. Dunlap, that Mr. Dunlap was deprived of an opportunity to assist counsel in determining the correct application of the Guidelines, and that the calculation was

incorrect.

3. Mr. Dunlap is wrong when he asserts that the base offense level should have been based on 3.5 grams of crack cocaine. That was the amount discussed between Mr. Dunlap and Jerrell Birch (a co-defendant and one of two sons of Mr. Dunlap who were indicted in the conspiracy) in one intercepted phone call on March 2, 2017. Plea Agreement, ECF No. 501, at 7-8. But the stipulation of facts in the Plea Agreement also acknowledges that by means of intercepted phone calls, surveillance, and other investigative techniques, agents learned that during February and March 2017 Mr. Birch provided Mr. Dunlap with small amounts of crack cocaine, which Mr. Dunlap would distribute to his own customers and reinvest some of the proceeds to purchase more crack cocaine. *Id.* at 7-8. Mr. Dunlap stipulated that the total amount of his relevant conduct was approximately 84 grams of crack cocaine. *Id.* at 8. There is nothing here to suggest a deficient performance by counsel.

4. For the same reason Mr. Dunlap's fourth argument, that there was no basis in fact for the 84 grams of relevant conduct, is dispelled by his own stipulation of fact. Mr. Dunlap expressly agreed, in writing and at the Change of Plea Hearing, that the stipulated facts were true. He offers no support for his assertion that his lawyer's negotiation of the plea bargain was deficient. His representations to the Court in writing and at the hearing were entirely to the contrary.

In short, there is no evidence or even a plausible argument that counsel's performance was deficient. On the contrary, it appears to the Court that counsel did a remarkable job by negotiating a plea to a phone charge rather than to a conspiracy to distribute crack cocaine charge, even though the stipulated facts would have supported the latter.

**ORDER**

Because Mr. Dunlap has provided no evidence or credible argument suggesting deficient performance by counsel (representation that fell below an objective standard of reasonableness) or prejudice to Mr. Dunlap (a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different), the motion to vacate, ECF No. 737, is DENIED.

Dated: September 24, 2019

BY THE COURT:

R. Brooke Jackson
United States District Judge